## THE TERRITORY OF HAWAII *v.* AH SING AND 67 OTHERS.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

ARGUED OCTOBER 17, 1907.    DECIDED NOVEMBER 4, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

EVIDENCE—*execution of document.*

A bail bond, purporting to be signed by a defendant, offered in evidence for the purpose of identifying him by means of a recital therein, is inadmissible unless accompanied by evidence that it was executed by the defendant.

OPINION OF THE COURT BY BALLOU, J.

The defendant Ah Sing, who we have held is the only person having any standing in the prosecution of the above entitled writ of error (ante, page 392), was convicted in the district court of Honolulu and again on appeal in the circuit court of the first circuit of violating R. L. Sec. 3175 by being present at a place where certain gambling games were being carried on. The assignments of error relied upon relate to the lack of identification of the accused and error in admitting in evidence a bail bond for the purpose of such identification.

The record shows that a room in which gambling was going on was raided by several members of the grand jury, and sixty-eight Chinese who were there present were arrested. These were taken to the police station, where they were released upon depositing cash bail. It does not appear from the record when the arrested persons first gave their names. Some days later Ah Sing and sixty-seven others, by name, were tried in the district court of Honolulu and convicted. On the same day an appeal bond was given purporting to be signed by the persons convicted and their surety, containing the following recital:

"The condition of this obligation is such that whereas the above bounden principals were arrested upon a charge of violating Section 3175 of the Revised Laws of Hawaii, by being present at a place where certain gambling games were being carried on known as fan tan and pai kau were being carried on at which money or something of value was lost and won and, whereas the said principals were upon the 27th day of November, A. D. 1906, convicted of said charge, by the Honorable S. H. Derby, Second District Magistrate of the District Court of Honolulu, County of Oahu, and sentenced to pay a fine of Twenty-five dollars ($25.00) and the costs of said prosecution, and whereas said Principals have appealed from the judgment of said Court to the Circuit Court of the First Judicial Circuit at its next term," etc.

At the trial in the circuit court some of the defendants were identified by name or appearance as having been in the room on the occasion testified to. In the case of others, including Ah Sing, no witness was called either to identify them as having been present at the gambling game or as having been among those who were arrested and taken to the police station. For evidence of identification the prosecution relied upon the introduction in evidence of the bail bond above referred to, claiming that its recital was an admission that the persons named and signing as principals were arrested, and this, coupled with the evidence that the persons arrested were guilty of the offense, and the presumption of identity of persons from identity of names, was sufficient to support a conviction.

The evidence furnished by the bail bond is meager and unsatisfactory so far as it connects the persons signing with the misdemeanor in question. It does not specify any time or occasion on which they were arrested and it may be doubted whether such a recital inserted incidentally in a document designed for an entirely different purpose and signed by persons unfamiliar with the language in which it was written could be held sufficient to support a conviction in the absence of all other identification.

We do not find it necessary to pass upon this point, however, as we are of the opinion that the bond was improperly

admitted in evidence for the purpose for which it was offered. Although the name of Charles F. Chillingworth appears on the bond as an attesting witness to the signatures of the principals and surety no proof by such witness or otherwise of its execution was offered. The bond also bears the words "Approved. Henry C. Vida, Asst. Sheriff," and was admitted upon Mr. Vida's testimony that he was assistant sheriff; that on the 23d of November, 1906, certain Chinese were brought to the police station charged with being present at a gambling game and released on cash bail and afterwards an approved bond was put up in lieu of cash bail, which bond he thereupon identified as the one which he had approved. The bond was then offered for the purpose of identifying the parties before the court and admitted over the objection that the signatures of the defendants had not been identified.

To convict a defendant by his own written admission it would seem essential that there be some evidence that he signed the writing or that the signature was his. The tendency to assume that a signed document is all that it mutely purports to be, without requiring external evidence of authorship, is one which must be constantly guarded against. 3 Wigmore Evidence, Sec. 2130. As a court record the bond might have been admissible for some purposes upon proof of its mere existence, but as a written admission of the defendant of a collateral fact its execution should have been proved like any other written and unrecorded instrument. The assignment of error upon this point is sustained, the judgment of conviction of Ah Sing reversed, and new trial ordered.

*M. F. Prosser*, Deputy Attorney General, for plaintiff.

*R. W. Breckons* for defendant.